IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SANTOS MONTOYA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-03-229 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

## RESPONDENT DRETKE'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

Petitioner Santos Montoya ("Montoya")[1] was convicted and sentenced to eighty-five years by a Texas state court for the felony offense of murder. He now seeks habeas corpus relief in this court pursuant to 28 U.S.C. § 2254, which provides the court with jurisdiction over the subject matter and the parties. The petition, however, should be dismissed as time-barred. The Director also denies all of Montoya's assertions of fact except those supported by the record or specifically admitted herein.

### STATEMENT OF THE CASE

The Director has lawful custody of Montoya pursuant to a judgment and sentence in the 138th District Court of Cameron County, Texas in cause number 90-CR-68-B, styled *The State of Texas v. Santos Montoya. Ex parte Montoya*, Application No. 24,306-01, at 89-94 (judgment and sentence). Montoya was indicted for the felony offense of murder. *Id.* at 40 (indictment). on March 27, 1990, the jury found Montoya guilty as alleged in the indictment and assessed punishment for a period of eighty-five years. *Id.* at 89-94.

On June 6, 1991, the Thirteenth District Court of Appeals affirmed the judgment of the trial court. *Montoya v. State*, 811 S.W.2d 671 (Tex. App.—Corpus Christi, 1991, no

---

[1]  For purposes of clarity, Respondent Doug Dretke will be referred to as "the Director."

pet.) (No. 13-90-165-CR); *see Ex parte Montoya*, No. 24,306-01, at 97-100 (copy of appellate court opinion). Montoya did not file a petition for discretionary review. *See* Exhibit A (affidavit from the Deputy Clerk of the Texas Court of Criminal Appeals). Therefore, his conviction became final on July 6, 1991, at the conclusion of thirty days in which time he could have sought such review from the Texas Court of Criminal Appeals. TEX. R. APP. PROC. 68.2, *formerly* TEX. R. APP. PROC. 202(b).

Montoya filed four separate state writ applications challenging the instant conviction. His first application was filed on November 30, 1992 and it was denied without written order on January 20, 1993. *Ex parte Montoya*, No. 24,306-01, at 2, cover, respectively. Montoya filed a second state writ on January 19, 1994, which was also denied without written order on the findings of the trial court without a hearing on June 22, 1994. *Ex parte Montoya*, No. 24,306-02, at 1, cover, respectively. The on May 16, 2000, Montoya filed a third application and that was dismissed as successive on August 16, 2000. *Ex parte Montoya*, No. 24,306-03, at 1, cover, respectively. Again he filed another state writ on May 15, 2001, which was denied without written order on September 19, 2001. *Ex parte Montoya*, No. 24,306-04, at 1, cover, respectively. Finally, Montoya filed this action with the court on December 10, 2003. Fed. Writ Pet. at 9.

## PETITIONER'S ALLEGATIONS

The Director understands Montoya to allege the following grounds of error:

1.      He was denied effective assistance of trial counsel;

2.      The judge failed to disqualify himself;

3.      His conviction was based on judicial misconduct;

4.      The State failed to prove that he was a party to the offense of murder;

5.      His confession was coerced;

2

6.    His conviction was based on an unconstitutional search and seizure;

7.    His conviction was based on an unlawful arrest; and

8.    He is actually innocent.

Fed. Writ Pet. at 6-8 and attached pages.[2]

## STATE COURT RECORDS

The Director includes copies of petitioner's state court records with this response for the court. A copy of the record has not been forwarded to Montoya.

## EXHAUSTION/PROCEDURAL DEFAULT

Because Montoya's petition is barred by the federal habeas corpus statute of limitations, any inquiry into exhaustion is unnecessary to the resolution of this answer. The statute of limitations is a threshold issue which will preclude any consideration of the merits of Montoya's claims. Pending consideration of the instant pleading, the Director specifically reserves the right to argue whether Montoya's claims are barred by the procedural default doctrine and whether Montoya sufficiently exhausted his state court remedies as required by 28 U.S.C. Sections 2254(b) and (c).

## MOTION FOR SUMMARY JUDGMENT

**I.    Montoya's claims are time-barred.**

Montoya filed his federal writ of habeas corpus on December 10, 2003. Fed. Writ Pet. at 9.[3] As such, Montoya's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy,* 521 U.S. 320, 336

---

[2] Montoya inserted twelve additional pages between pages 7 and 8 to his federal petition. He also attached to his petition a motion for equitable tolling ("Pet. Motion") and all his state writ application.

[3] The Fifth Circuit held in *Spotville* that for purposes of determining the applicability of the AEDPA, a prisoner's *pro se* federal writ petition is deemed filed when the inmate delivers the papers to prison authorities for mailing. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). Therefore, Montoya's petition could not have been "filed" sooner than December 10, 2003, the date he executed his federal petition. *See* Fed. Writ Pet. at 9.

(1997). The AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a State court. 28 U.S.C.§ 2244(d)(1). Section (d)(1) provides four different scenarios which start the running of the one-year limitations period,

 and the period runs from the latest of the four scenarios. 28 U.S.C. §2244(d)(1)(A)-(D). As it relates to this motion, the AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2004).

Since Montoya attacks the proceedings associated with his conviction in the 138th District Court of Cameron County, Texas in cause number 90-CR-68-B, Fed. Writ Pet. at 2, the one year period of limitation ran from "the date on which the judgment became final by

the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), Montoya's conviction became final on July 6, 1991, at the conclusion of thirty days in which time he could have sought such review from the Texas Court of Criminal Appeals. TEX. R. APP. PROC. 68.2, *formerly* TEX. R. APP. PROC. 202(b).

Montoya's conviction was affirmed on appeal on June 6, 1991. *Montoya v. State*, 811 S.W.2d 671; *see Ex parte Montoya,* No. 24,306-01, at 97-100. Montoya did not file a petition for discretionary review. Exhibit A. Accordingly, the one-year limitation period for filing a federal petition began no later than July 6, 1991. *See* TEX. R. APP. PROC. 68.2.

In cases such as this, where the petitioner's conviction became final prior to the enactment of the AEDPA, the Fifth Circuit has held that a petitioner must be given a reasonable time after the enactment of the AEDPA to get federal litigation underway. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S. Ct. 846 (1999); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). The Fifth Circuit has held that a reasonable time is a one-year period to begin on April 24, 1996, the date of the enactment of the AEDPA. *Flores,* 135 F.3d at 1006; *Flanagan,* 154 F.3d at 200. Recently, the Fifth Circuit held that the tolling provision contained in 28 U.S.C. § 2244(d)(2) applies to the reasonable time grace period. *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

In this case, the one year grace period began to run with the passage of the AEDPA on April 24, 1996, and it closed on April 24, 1997. *Flanagan,* 154 F.3d at 202 (FED. R. CIV. P. 6(a) applies to the computation of the limitations period). Montoya did not file a state writ application challenging the instant conviction during the one year grace period; thus, there was no tolling of the statute. At the very latest, Montoya's federal petition was due on or before April 24, 1997. Thus, when Montoya filed his petition on December 10, 2003, he exceeded the Fifth Circuit's "reasonable period" by 2,421 days, and his claims are clearly

time-barred.

Any claims for equitable tolling should also be denied. The burden is on the petitioner–here Montoya–to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis*, 158 F.3d at 811 (same). The Fifth Circuit has held that " 'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." ' *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *cert. denied*, 529 U.S. 1057 (2000) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). A " 'garden variety claim of excusable neglect" ' does not support equitable tolling. *Id*. Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not warrant equitable tolling. *See Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir.2000).

Montoya argues that he should be afforded equitable tolling credit for the period he allegedly relied upon counsel's assurances that he would take further action on Montoya's behalf. *See* Pet. Motion, at 1-4. Montoya asserts he hired Walter J. Pink in 1996 to file a federal habeas petition on his behalf–nearly five years after his conviction became final. *Id*. at 1. After assurances from counsel that the petition would be filed "at the end of 1997,"[4] it was not until March 28, 2002 that Montoya in fact filed a grievance with the Texas State Bar against Mr. Pink. *Id*. at 2.[5] However, Montoya cannot show that counsel's inaction justifies equitable tolling. The Fifth Circuit has expressly noted: "[I]f there were ever any

---

[4] Given that the one year grace period began to run April 24, 1996 and ended April 24, 1997, filing Montoya's petition at the end of 1997 would have still deemed it untimely as he had no state writ pending during that one year period to toll the federal filing deadline.

[5] Mr. Pink has since passed away. *See* Pet. Memo. at State Bar letter dated November 24, 2004.

6

doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing*, 310 F.3d 843 (5th Cir.2002) erased it: '[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." ' *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.2002), *cert. denied*, 123 S. Ct. 2630 (2003); *see also Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir.2002) (counsel's erroneous interpretation of the limitations statute cannot by itself excuse the failure to file a petition within the one-year limitations period.).

Furthermore and in the alternative, even assuming the truth of Montoya's allegations and his being prompted thereby to conclude that Pink intentionally deceived him, *See Id.*, at 799-800 (noting the record included no evidence of any intentional deception by counsel about the statute of limitations, but rather, only evidence that counsel committed a basic and unprofessional error), Montoya did not act with diligence once, as he alleges, he waited nearly seven years before filing this petition. Thus, he has not shown that he acted with the diligence required to warrant equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ( "[equitable tolling] will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254 ...") (citing *Patterson*, 211 F.3d at 930).

The fact that Montoya is proceeding *pro se* in filing his federal writ does not excuse his failure to file *this* petition earlier. *Cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ). Moreover, Montoya cannot claim that he could not comply with the statutory filing period because he did not learn of it in time. Ignorance of the law does not excuse the failure to comply with the statute of limitations. *Barrow v. New Orleans S.S. Ass'n.*, 932 F.2d 473, 478 (5th Cir. 1991); *see Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000) (inadequacies of prison law library and consequent lack of notice of AEDPA requirements will not toll one-year filing period). Besides, Montoya's choice in waiting to pursue his claims in federal court should not excuse his

7

failure to file the instant petition before the end of the limitations period. *See e.g., Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default), *cert. denied,* 519 U.S. 1093 (1997).

Additionally, the record does not reflect that any unconstitutional State action impeded Montoya's ability to file for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Montoya's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, Montoya has not shown that he did not know the factual predicate of his claims earlier. 28 U.S.C. §2244(d)(1)(D). Since his claims are based on alleged errors relating to his 1990 conviction, Montoya had more than a significant time period to organize his constitutional arguments. Consequently, Montoya failed to satisfy any of the exceptions to the AEDPA statute. Thus, consideration of Montoya's entire federal writ petition should be dismissed with prejudice as barred by the federal habeas corpus statute of limitations.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Montoya's petition be dismissed with prejudice as time-barred.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
  for Criminal Justice

8

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division


*Lead Counsel

GRETCHEN B. MERENDA*
Assistant Attorney General
State Bar No. 24010233
Southern District Admission No. 25065

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT


## NOTICE OF SUBMISSION

TO:   Petitioner, Santos Montoya, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

GRETCHEN B. MERENDA
Assistant Attorney General

9

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading

has been served by placing same in the United States mail, postage prepaid, on this the 17th

day of June 2004, addressed to:

Santos Montoya
TDCJ-CID No. 544493
Eastham Unit
P.O. Box 16
Lovelady, Texas 75851

GRETCHEN B. MERENDA
Assistant Attorney General

10

# EXHIBIT   A

## CLERK'S OFFICE

## COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no petition for discretionary review, in cause No. **13-90-165-CR** in the name of **Santos Montoya.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 20th day of May, 2004, A.D.



Troy C. Bennett, Jr., Clerk

By: _Katie Vaughn_

Deputy Clerk