IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANTOS MONTOYA | § | |
| Petitioner, | § | Civil Action No.B-03-229 |
| | § | |
| v. | § | |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TEXAS DEPT.OF CRIMINAL | | |
| JUSTICE, CORRECTIONAL | | |
| INSTITUTIONS DIVISION | | |
| Respondent, | | |

## MOTION FOR DEFAULT JUDGEMENT UNDER F.R.C.P. RULE 55 A AND RULE 57

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the petitioner in the above case, and would show this court that for the following reason the motion for default judgement should be granted to petitioner.

### STATEMENT OF THE CASE

On Feb.4,2004 this court entered an order giving the respondent until April 6,2004 to answer the petitioners brief (2254 Habeas Corpus), the respondent on April 29,2004 filed a motion for extension of time to file a reply because they were not notified by this court of the 2254 habeas corpus until April 28,2004, this court granted the emergency motion for extension of time, and extended the time for the reply brief until Friday, the 18th of June, which is what the respondent requested.

The order granting the extension of time was entered on May 3,2004, to this day the respondent has not complied with this courts order,and have not filed for another emergency extension,the petitioner has received nothing from the respondent indicating that they will ask for any extension as is required by the rules.

Under Rule 8 of the rules of civil procedure,the petitioner contends that this court has jurisdiction and authority to enter an order of Declaratory Judgement for default,for the failure to comply with this courts order,see Bennett v Collins 835 F.Supp. 930(E.D.Tex 1993),and Frick v Quilin,631 F2d.37,40 (5th cir.1980), under Rule 81 (a)2,28 U.S.C.A.Federal Rules of Civil Procedure, the office of the attorney general(attorney for respondent)should have replied with a prompt response.
The petitioner contends that Rule 11 of the federal rules of civil procedure is applicable in a case such as this,even though this is a criminal matter,the writ of habeas corpus is actually a civil remedy. When a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules,and that fact is made to appear by Affidavit or otherwise,the clerk shall enter the party's default, F.R.C.P.Rule 55 A.

## RELIEF

The petitioner request that this court order a hearing on the 2254 writ of habeas corpus,that the trial record be used,and that respondent not be allowed to file a reply for failure to comply with a court order,and failing to give a reason why.The motion for default judgement should be granted,and whatever other relief this court deems proper.

Sincerely Submitted,

## CERTIFICATE OF SERVICE

I, Santos Montoya, petitioner in this case do hereby state that a true and correct copy of petitioners MOTION FOR DEFAULT JUDGEMENT has been served on the respondent, on this the 21st day of June 2004 by placing in the U.S. mail and addressed to the following:

GRETCHEN B. MERENDA
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Tx 78711

Respectfully Submitted,

Santos Montoya #544493

*Santos Montoya*
06-21-04