United States District Court
Southern District of Texas
FILED

JUL 0 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SANTOS MONTOYA §
    petitioner, §
§
V §
§
DOUG DRETKE, DIRECTOR,
TEXAS DEPT. OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS
DIVISION,
    respondent,

CIVIL ACTION NO. B-03-229

PETITIONER'S (TRAVERSE) REPLY TO RESPONDENT'S
MOTION FOR SUMMARY JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Petioner's reply brief is an answer only to what respondent alleges in his answer./reply to petitioner's application for 2254 relief.

In the first page of respondent's reply the states attorney has stated "The Director also denies all of Montoya's assertions of fact except those supported by the record or specifically admitted herein. The petitioner would like to point out that the record does support the following facts, 1. Montoya was arrested without a warrant on the word of a convicted felon, 2. Montoya's house was searched without a search warrant and fruits of that illegal search were used against him in his trial, 3. Montoya was never read his Miranda rights, 4. Montoya was told that he was being held in connection with the shooting that had taken place earlier, and when Montoya made a confession in reference to the shooting, and that he only shot in self defense, only then was

he told that the person had died and that he was being held for murder,this confession was used against Montoya in his trial.
5. Judge Garza pulled this case from the 197th district court to his own docket so that he could preside over his cousins case,the plaintiff Daniel Garza was the first cousin of the trial judge.6. Judge Garza should have disqualified himself due to his relationship to the plaintiff,and in accordance with the Texas Constitution.7.Ineffective assistance of trial counsel,8.Actual Innocence.

The petitioner does not want to restate his 2254 habeas corpus,but the above are just some of the facts supported by the record.

## EQUITABLE TOLLING

The respondent has produced a list of citations of cases that were not equitably tolled,but these cases have nothing in common with the petitioner's situation. The petitioner has filed three 11.07 state writs challenging his conviction,(all three of the writs were answered by judge Robert Garza who is related to the plaintiff). The fourth 11.07 state writ was in reference to a disciplinary procedure in prison and had nothing to do with this sentence. The respondent alleges that Montoya has not shown that he is entitled to equitable tolling(page 6 respondent's reply), but in petitioner's Motion TO Allow Equitable Tolling petitioner has cited cases that are similar to his situation where the court did grant equitable tolling due to extraordinary circumstances, In SEITZINGER V READING HOSPITAL 165 F3d 236,lawyer misconduct justified equitable tolling where defendant persistently questioned her attorney about what he had filed with the court.

2

In <u>CALDERON VU.S.DISTRICT COURT FOR CENTRAL DISTRICT OF CAL.</u> <u>128 F3d 1283(9th cir.)at page 1289</u> the court stated"extraordinary circumstances beyond petitioners control warranted tolling where lead counsel quit for a job in another state,and his work product was not useable by new lawyer". The petitioner does not want to burden this court with the whole account of his motion for equitable tolling which is more detailed,but the facts are that this petitioner does not understand english so his family hired an attorney in 1996 to file a federal writ of habeas corpus. From the many letters that the attorney wrote his client it became apparent that the attorney was deceiving his client. The attorney had time to file a federal writ after the passage of the AEDPA,but those were never his intentions. The petitioner had no control over the actions of his attorney,not only did his attorney take his $15,000 to file a federal writ which he never filed,but he also took another $1,500 to purchase another transcript which the attorney stated that his para-legal had lost and the district clerk has stated that no one from that law firm ever attempted to buy a transcript.

The petitioner had no reason to suspect that his attorney was deceiving him,he believed everything his attorney told him,but they were only lies. By the time that the state bar of Texas did rule in petitioner's favor,the time for filing a federal writ had long passed,but because they did find that the attorney was guilty of lawyer misconduct,and returned $2,800 of the $15,000 his family had paid the attorney in July of 2003,the petitioner was able to hire a writ writer to work on his case,knowing that he

did stand a chance to have his case heard in a federal court by being granted equitable tolling due to the circumstances of this case. The petitioner did not wait 6-7 years to file his federal action as the respondent has stated, the petitioner relied on his attorney to follow the law, not to deliberately deceive him and break the law and cause his action to be time barred, petitioner had no control over the actions of his attorney. These actions were not everyday attorney errors or mistakes which do not warrant equitable tolling, what the petitioner's attorney did was a crime and a violation of the law, and these circumstances do warrant equitable tolling.

## EXHAUSTION/PROCEDURAL DEFAULT

The respondent has stated that in the event this court does grant equitable tolling to the petitioner, that they be allowed to argue against the petitioner due to procedural default. The record shows that the trial attorney was the same attorney on appeal, this attorney failed to file a petition for discretionary review and in fact filed a frivolous brief on appeal, and because of the actions of the trial attorney ineffective assistance of counsel was filed against him. If it is evident that a miscarriage of justice has occurred, it may be appropriate for the court of appeals to hold that the nonexhaustion defense has been waived in order to avoid unnecessary delays in granting relief that is plainly warranted GRANBERRY, 481 U.S. at 135, 107 S.Ct. at1671. In MURRAY 477 U.S.at 496, 106 S.Ct.2639 the court stated (in an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a (writ of habeas corpus) may be granted even in the absence of showing of cause for

4

the procedural default. In SPENCE V SUPERINTENDENT,GREAT MEADOWS COR.FAC.,219 F3rd.162 (2nd.cir.2000)at page 164,the court stated "where habeas pe titioner shows by clear and convincing proof that he is actually innocent of conduct of which his sentence is based,incarceration is fundamentally unjust and miscarriage of justice exception to procedural default bar applies".

The respondent should have answered the issue of actual innocence because the claim of actual innocence can overcome a procedural default if proven. A petitioner making a miscarriage of justice claim need only present evidence of innocence strong enough "that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non harmless constitutional error. This petitioner has shown sufficient evidence to cast doubt about the validity of his conviction to satisfy a hearing and permit consideration of his constitutional claims,SCHLUP V DELO 115 S.Ct.851.The due process clause of the 14th Amendment to the U.S,Constitution prohibits a criminal process that is"offends" some principal of justice so rooted in the traditions and conscience of our people as to be ranked as fundamentally unfair. That in light of all the evidence it is more likely than not,that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. CARRIGER V STEWART 132 F.3d 463.

The petitioner would also argue the fact that lack of jurisdiction can be attacked on collateral review,and can be an exception to a time bar. A verdict which is entirely void at its inception

5

generally results from a defective condition,such as a lack of jurisdiction,permeating the entire verdict and creates a defect from which no remedy ever could be supplied by this court other then reversal <u>HEATH V STATE 817 S.W.2d.335(Tex Cri.App.1991)</u>. If a judge is disqualified under the constitution he or she is absolutely without jurisdiction in the case,and any judgement rendered by him or her is void and subject to collateral attack. <u>Vernon's Ann.Tex.Const.Art.5§11,V.A.T.C.C.P. Art.30.01,V.A.T.R.of Civ P.Rule 18a</u>. In <u>McElwee V McElwee 911 S.W.2d.182 Tex.App.Houston (1st Dis.1995)</u>,at page 186 the court stated "unlike recusal, judicial disqualification cannot be waived,<u>Vernon's Ann.Tex.R.Civ. Pro.,rule 18a(a),18 (b)1. MADDEN V STATE 911 S.W.2d.236(Tex App. Waco)1995,</u> As to grounds of disqualification stated in the state constitution and code of criminal procedure,it is not necessary that objection be made,nor may disqualification of judge be waived, even by consent of parties.

RELIEF

The petitioner contends that he has shown sufficient evidence to show extraordinary circumstances which should allow Equitable Tolling by this court,and sufficient evidence to overcome a procedural default if in fact there was a procedural default. For the foregoing reasons the petitioner would ask this court to DENY summary judgement to the respondent,and to no longer prolong the case,but to set a hearing date,and to order any other relief this court deems proper.

Respectfully Submitted,

Santos Montoya, #544493

6

06-28-04

CERTIFICATE OF SERVICE

I do hereby state that a true and correct copy of Petitioner's Reply to Respondent's Brief, was this day served by mailing the same to the following address: June 28, 2004

Assistant Attorney General
Gretchen B. Merenda
Postconviction Litigation Division
P.O. Box 12548, Capitol Station
Austin, Tx 78711

Respectfully Submitted,
Santos Montoya
*Santos Montoya* #549493
06-28-04